McIlvaine, J.
One of the conditions of the policy was that the property insured should not be alienated or incum'bered without the consent of the company. It is conceded that the property was alienated ; and it appears from the finding of facts that it was also incumbered. Whether the ■consent of the company to such alienation was obtained, was a question of fact put in issue. This was a material issue, and judgment should not have been rendered for the plaintiffs below until this issue was found in their favor. There was no such finding. This defect in the findings of the court was not supplied by the finding that the sale and conveyance did not increase the risk of the insurer; nor was it relieved against by the stipulation in the policy, that, upon application within ten days after a sale, the company would consent to an assignment of the policy. This stipulation only bound the company in case it had first consented to the sale of the property.
It may be conceded that, under this policy, the company was bound to consent to an assignment of the policy to the purchaser of the property if it had first given its consent to the sale; and it may be further conceded, that consent to such assignment of the policy, given after sale made, would have been a waiver of the condition against alienation ; but neither of these concessions can relieve the case ■from error. The first does not, for the reason that it does not appear that consent to the sale of the property was given by the company. And the second does not, because consent to the assignment of the policy was not obtained .as required by the stipulation of the policy. It was denied that the local agent, with whose knowledge the policy was assigned, and to whom it was delivered, had authority to *356 consent thereto on the part of the company; and such authority was not shown to have been conferred on him. Indeed, his want of authority is made manifest in the special-findings of the court. On this view of the case it is clear that the court erred in giving judgment for the plaintiffs below.
Another condition of the policy was that, in case of loss,, proof of the loss should be made and delivered to the company within thirty days after the loss happened. The performance of this condition was not shown, nor was it shown that the company in any way waived this condition. True, it was shown that immediately after the fire, notice of the loss was given to the company, but that was done in performance of another condition in the policy, and it in no way released the insured from making proof of loss as required by the terms of the policy. Indeed, the performance of this condition was not alleged in the plaintiffs’ petition. True, it was alleged generally that all the conditions, on their part to be performed, had been performed by the plaintiffs and their assignor, but it was specifically alleged in the petition that the loss by fire occurred on the 13th of September, 1867, and that proof of loss was made and forwarded to the company on the 19th of October following; by which it affirmatively appears on the face of the petition that more than thirty days elapsed between the date of the fire and the proof of loss. For this reason-, there was error not only in rendering judgment for the plaintiffs upon the merits of the ease, but also in overruling the demurrer to the petition.
The judgment below will therefore be reversed, the demurrer of the defendant below to the petition of the plaintiffs sustained, and the cause remanded to the Court of Common Pleas for further proceedings.
Weich, C. J., White, Rex, and Gilmore, JJ., concurred.